**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Keith L. Harris, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 1:13-cv-08378 |
| ) | |
| FedEx Freight, Inc., Robert Vandehei, ) | |
| Roger Maco, Dave Mills, and Kevin McCeady, ) | |
| ) | Hon. Judge Elaine E. Bucklo |
| ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' REPLY MEMORANDOM IN SUPPORT OF MOTION TO JOIN**
**ADDITIONAL PLAINTIFFS AND FOR LEAVE TO FILE AMENDED COMPLAINT**

Pursuant to F.R.C.P. Rule 15, Rule 20, Rule 42, and this Court's June 12, 2014 Scheduling Order,

Plaintiffs KEITH L. HARRIS, RAFAEL DE LA VEGA, ANTHONY LAKE, TANYA

MCLAURIN, STEVEN AYALA, DAVID YANG, LAVELL TYLER, ROBERT MACK,

QUINTIN HAMMITTE, LORENZO CADENA, DUANE RUCKER, JOHN COOK, AND

OMAR CASAREZ, hereby respectfully submit this Reply Memorandum in support of their

Motion to Join Additional Plaintiffs and for Leave to Amend Complaint.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Keith Harris was a former employee of FedEx Freight, Inc.'s facility located in

Aurora, Illinois. He filed his original Complaint against FedEx Freight Inc. (FedEx) and its

individual managers based on their violations of the Title VII of the Civil Rights Act of 1964,

Section 1981 of the Civil Rights Act of 1866, the Family and Medical Leave Act, the Fair Labor

Standards Act, and several other state claims, on November 20, 2013. On May 2, 2014, Plaintiff Harris and twelve other former and current minority employees ("the additional Plaintiffs") of the FedEx Aurora facility filed a Motion to Join Additional Plaintiffs and For Leave to File Amended Complaint pursuant to F.R.C.P 15 and 20, alleging that their rights under Section 1981 of the Civil Rights Act of 1866 have been violated by corporate Defendant FedEx; individual Defendant Roger Maco ("Maco'), its Human Resources Department Manager; individual Defendant Robert Vande Hei ("Vande Hei"), the general manager at the Aurora facility; and individual Defendant Dave Mills ("Mills"), another supervisor at the Aurora facility.

The additional Plaintiffs are all minority employees of several non-white races (African-American, Hispanic, and Asian) who worked or are working at the FedEx Aurora facility under the dominion of Defendant Robert Vande Hei. The proposed Amended Complaint alleges that the minority Plaintiffs were and/or continue to be subject to severe harassment and a hostile work environment on a daily basis at the hands of Defendant Vande Hei, Defendant Mills, and/or Defendant Maco because of their race, and that they were and/or continued to be treated differently than other similarly situated white employees at the Aurora facility. All of the additional Plaintiffs were either ultimately terminated or otherwise disciplined or mistreated by Defendant FedEx, and the individual Defendant managers and supervisors.

## II. ARGUMENT

**1. Federal Judicial Policy Favors Joinder. Because Plaintiffs Meet the Permissive Joinder Requirements Under Rule 20(A), the Additional Plaintiffs Should Be Allowed to Join.**

Federal policy favors joinder. The purpose of F.R.C.P. Rule 20 is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Nelson v. Chertoff,* 2008 WL 4211577, at *5 (N. D. Ill. Sept. 10, 2008). Under the Federal Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies **is strongly encouraged**. *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724 (1966) (emphasis added). The district court has broad discretion whether to sever a claim under Rule 21 *Rice v. Sunrise Express, Inc.,* 209 F.3d 1008, 1016 (7th Cir. 2000), and a reviewing court may be inclined to find that the claims before it arose out of the same transaction when separate trials would result in delay, inconvenience and added expense to the parties and the court because of the likelihood of overlapping proof and duplication in testimony. *Maclin v. Northern Telecom, Inc ,* 1996 WL 495558, at *6 (N. D. Ill. Aug. 28, 1996).(citing *Mosley v. General Motors Corporation,* 497 F.2d 1330 (8th Cir. 1974) at 1333).

Rule 20(a) provides for permissive joinder when two requirements are met. *McDowell v. Morgan Stanley & Co., Inc.*, 645 F. Supp. 2d 690, 694 (2009). First, the cases to be joined must contain a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences. FED. R. CIV. P. 20. Second, there must be a question of law or fact common to all the plaintiffs. *Id.* In the event the Court finds that joinder is improper, Rule 21 comes into effect and allows the Court to add or drop a party, or sever any claim against another party. *See* FED. R. CIV. P. 21. *McDowell, supra,* at 694.

## A. Plaintiffs' Claims Arise Out Of The Same Transaction Or Occurrence, Or Series Of Transactions Or Occurrences.

When evaluating whether a particular situation constitutes a single transaction or occurrence, courts conduct a case-by-case analysis. *See Nelson,* 2008 WL 4211577, at \*5–\*6. Some of the factors considered as part of this analysis include:

> the time period during which the alleged acts occurred, whether the acts of discrimination are related, whether there were differing types of adverse employment actions, whether more than one type of discrimination is alleged, whether the same supervisors were involved, whether employees worked in the same department, whether employees were at different geographical locations, and whether a company-wide policy is alleged.

*Berry v. Illinois Dep't of Human Servs.,* No. 00 C 5538, 2001 WL 111035, at \*17 (N.D.Ill. Feb. 2, 2001).

Where plaintiffs' claims derive from the same type of alleged action by the same employee in the same facility, courts have found severance inappropriate. *See Nelson, supra*, 2008 WL 4211577 (joinder allowed when current and former African-American employees from a same field office alleged race and age discrimination for employer's discharge or failure to promote the employees within a four-year period); *Smith v. Northeastern Illinois Univ.,* 2002 WL 377725 (N.D.Ill. Feb. 28, 2002) (joinder proper when employees alleged different, but similar enough acts of discrimination, and hostile work environment); *Hawkins v. Groot Industries*, Inc., 210 F.R.D. 226 (2002) (African-American employees could join Hispanic employees based on race discrimination).

Plaintiffs' claims need not be identical in nature to satisfy the "same transaction or occurrence" requirement of Rule 20(a). *See Smith,* 2002 WL 377725 at \*2 ("the acts of discrimination, while different, have enough similarities that this factor also weighs against severance"). In addition, the Courts have continuously ruled that Plaintiffs satisfied the Rule

20(b) test when the employees alleged a pattern and practice of harassment and race discrimination, and allowed joinder. *See Hawkins v. Groot Indus., Inc.,* 210 F.R.D. 226, 228 (N.D. Ill. 2002); The allegations of a hostile work environment are tantamount to allegations that there was a widely held policy of discrimination. *Smith, supra,* at *3.

In *Smith*, four employees, each bringing hostile work environment, intentional discrimination, and retaliation claims against a university and two individual supervisors, sought to join the cases under Rule 20. Defendants argued that plaintiffs' cases arise under four different and unrelated factual scenarios, and should be severed. The Court disagreed. It held that joinder is proper because the alleged discriminatory acts occurred during a similar two year period; the types of discrimination alleged are very similar in that three of the four plaintiffs alleged hostile work environment, intentional discrimination, and retaliation claims; and that the same supervisors were named as defendants in each plaintiff's complaint. The Court took special notice that the allegations commonly made by two of the plaintiffs – that the two supervisors purposely attempted to effect a hardship on the lives of the African-Americans employees – was tantamount to an allegation of a widely held policy of discrimination, thus constituting a single transaction.

Factually, the case of the FedEx Plaintiffs before us is very similar to *Smith* and the other cases referenced above where the Court joined the plaintiffs and their cases. Like those cases, here the application of the key factors under the Rules favors joinder of the FedEx Plaintiffs. Specifically: all of the Plaintiffs worked at the FedEx facility located in Aurora, Illinois; the time period during which the discriminatory acts occurred is either overlapping or closely proximate for each Plaintiff, with the termination of the majority of the employees occurring between 2011 and 2013. (Amen. Complt. paragraphs 8-10, and 12-19 ). All thirteen Plaintiffs allege the same

type of discrimination – intentional discrimination and hostile work environment based on race, and two of the Plaintiffs allege retaliation after opposing that same underlying racial discrimination or hostile work environment which is the genesis of the Plaintiffs' claims. (Amen. Complt. Paragraphs 74-75 and 90-92). Besides Plaintiff Harris, the additional FedEx Plaintiffs all name the three same supervisors as individual defendants, in addition to the same corporate defendant, FedEx. (Amend. Complt. Count I).

Adding to that, Plaintiffs have already alleged, in more than one way, the existence of a company-wide discriminatory policy and practice. First, all of the Plaintiffs have alleged sufficient facts indicating there has been a pattern, system, and practice of discriminatory decisions implemented at the Aurora facility: the managers intentionally effected a hardship on the minority employees while they tried to simply perform their jobs for FedEx (Amend. Complt. Paragraphs 44-46, 79, 85, 109, 123, and 136); they exhibited abusive conduct; and they used racial slurs or derogatory languages toward the minority employees. (Amend. Complt. Paragraphs 35-37, 80, 95, 100, and 112). Such allegations are not "an assortment of discrete adverse employment actions," as Defendants argue. Plaintiffs' factual allegations clearly show a discriminatory experience common to all of the minority employees – a selective and discriminatory standard implemented under the same employer, committed by the same managers, taking place at the same physical location, with the same or similar harassing and abusive conduct toward each of the minority employees of FedEx.

Second, Plaintiffs' allegations of a hostile work environment constitute allegations that there was a widely held policy of discrimination. See *Smith, supra*, at *3. Lastly, the Amended Complaint itself clearly alleges that terms and conditions of all of the minority employees at the

Aurora FedEx facility have been changed adversely by the same man- Defendant Robert Vande Hei, upon his arrival to FedEx Aurora. (Amen. Complt. Paragraphs 31-32).

The cases cited by Defendants are neither influential nor persuasive because the FedEx Plaintiffs' claims are factually distinguishable from the claims raised in those cases. In *Asham v. Winnebago County Sheriff's Department, et al.*, 2012 WL 6052238 (Dec. 5, 2012), three plaintiffs alleged discriminatory conduct over a span of nearly ten years. *Id.* at *3. While each plaintiffs alleged general discriminatory conduct on the part of the Sheriff's Department, there was no allegation that the same individual was responsible for all the discriminatory conduct nor that there was a company-wide policy. *Id.* at *4. In addition, one of the plaintiffs alleged that the discrimination that happened outside of the department or geographic location where the other two plaintiffs' alleged that their discrimination occurred. *Id.*

In *Bailey v. Northern Trust Co.,* 196 F.R.D. 513 (2000), five African-American plaintiffs brought Section 1981 claims. Defendant in that case had a management structure resembling a pyramid where a division was divided into teams, one or more team leaders, and a single section manager. Plaintiffs were employed within different teams and no single team leader or section manager was implicated in all five of the plaintiff's claims. *Id.* at 561. There was no allegation of general discriminatory or illegal standards, policies, or procedures. *Id.* Thus, the Court found that plaintiffs' claims involve discrete and individualized circumstances and do not constitute one logical transaction. *Id.* at 571.

In *McDowell v. Morgan Stanley & Co., Inc.*, 645 F. Supp. 2d 690, four African-American employees who worked at different offices, were located in different states, and reported to different managers, during different time periods, brought Section 1981 claims. The Court

denied joinder reasoning that each individual plaintiff was subject to different decisions, at different times, in different locations, and presumably, in different contexts. *Id*. at 695.

The factual disparity between the cases discussed above and the present case is immediately apparent: in all of those cases the factors favoring joinder were sparse, and the discriminatory incidents arose out of different employment decisions made by different people at different times, and often in different locations. None of the plaintiffs in *Asham*, *Bailey*, or *McDowell* implicated any single decision maker common to the adverse employment decisions, or any relationship among each decision. Moreover, unlike the present case, none of the plaintiffs in the above mentioned cases alleged hostile work environment discrimination. Contrariwise, the factors in the case before the Court here strongly favor joinder, and Plaintiffs clearly show that the discrimination they experienced was factually, logically, and thematically related.

**B. There is a Question of Both Law and Fact Common to All of the FedEx Plaintiffs.**

Factually, an alleged company-wide policy of racial discrimination is sufficient to establish a common question of fact, even if the plaintiffs all suffered different effects of the alleged discrimination policy. *Nelson* 2008 WL 4211577 at *5. (quoting *Mosley,* 497 F.2d at 1334). A hostile work environment claim can also present a common question of fact for the purposes of Rule 20(b). *Smith,* 2002 WL 377725, at *4. Here, the FedEx Plaintiffs easily meet this requirement because they have already alleged a company-wide policy of racial discrimination through their hostile work environment claims. Moreover, the Plaintiffs factually allege nearly identical claims concerning intentional discrimination and hostile work environment discrimination, committed in the same manner, by the same employer, by the same individual

- 8 -

managers and supervisors, in the same place, at the same (or nearly the same) time, in violation of the same law- Section 1981.

Legally, Plaintiffs' cases will require determinations of the same or similar statutory issues such as whether Plaintiffs were discriminated by the Defendant supervisors, and whether they were subject to hostile work environment. .

Because there are several common questions of both law **and** fact for all of the FedEx Plaintiffs, the requirements for joinder under Rule 20(a) are met many times over. Accordingly, the Plaintiffs' Motion to Join Additional Plaintiffs should be granted.

## 2. A Separate Trial Are Not Warranted Under Rule 42(b) Because Judicial Efficiency Outweighs Any Potential Prejudice.

Rule 42(b) authorizes the court to order separate trials "for convenience, to avoid prejudice, or to expedite and economize." The court is afforded "broad discretion to decide whether or not plaintiffs' cases should be tried separately," *Bailey v. Northern Trust Co.,* 196 F.R.D. 513 at 518 (2000). Notwithstanding this discretion, a court should not routinely order separate trials. Fed.R.Civ.P. 42 (advisory committee notes). Rule 42(b), should be read in light of the overarching principles set forth in Rule 1, which states that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. *Real v. Bunn-O-Matic Corp.,* 195 F.R.D. 618, 620 (N.D.Ill., 2000).

To determine whether separate trials are appropriate, "the trial court must balance the probable savings of time and effort against the likelihood that a party might be prejudiced, inconvenienced, or put to extra expense." *Smith,* 2002 WL 377725, at *5. However, *some* prejudice is allowed if "the prejudice is not so substantial that it outweighs the savings of time

and effort in having a single trial." *Id.* In particular, "[w]here a hostile work environment claim is raised and the plaintiffs' claims are factually related enough so as to limit jury confusion, a joint trial may be proper in that concerns of economy and convenience will outweigh concerns of prejudice to the defendant." *Nelson,* 2008 WL 4211577, at *6.

In the case before the Court here, one trial will unquestionably promote judicial efficiency and save time and effort for all parties – the Court, Plaintiffs, and even the Defendants- rather than having thirteen trials on nearly identical cases with so many common questions of law and fact. Plaintiffs' cases are against same the Defendants, and will foreseeably involve similar if not repeat testimony and evidence, especially because the Plaintiffs' hostile work environment claims are based around very similar sets of facts.

Naturally then, separating the FedEx Plaintiffs will not promote the interests expressed in Rule 42. Rather than promoting convenience and expedition, separate trials would impose needless duplication of *inter alia*: effort, expense, travel, testimony, evidence, time, and court filings. Due to the similarities of the Plaintiffs' claims separate trials would result in a significant overlap of testimony and evidence in each trial. Not to mention the need for the Defendants and Plaintiffs to file duplicative and repetitive motions and pleadings thirteen times over each of the severed cases, and the need for the court to schedule, hear, and rule on each one, each time.

Moreover, it is highly questionable that jury confusion will result if the cases are not severed. Each of the Plaintiffs, while all afflicted by similar circumstances, is nonetheless an individual person capable of testifying on his and her own behalf and relaying their personal history of discrimination under FedEx to the jury. The Plaintiffs are not just some group of indistinguishable names or faces such that a jury will be unable to tell them or their testimonies apart. In fact, the same questions of law will be applied by the jury to similar factual

circumstances of each Plaintiff; if anything, this will be conducive to jury understanding, not detrimental to it. And to the extent that any minimal perceived jury confusion may possibly arise, it can readily be alleviated through the clear presentation of witnesses and evidence at trial, and administration of thorough and proper jury instructions.

Defendants also argue that they will be substantially prejudiced if there is one trial because evidence concerning alleged discrimination with respect to one Plaintiff can bias the jury against the defendants with respect to the other Plaintiffs. This argument fails in several ways. First, even if there were to be multiple trials, each Plaintiff would be able to testify in each other Plaintiff's trial, because significantly, evidence of multiple instances of harassment may be admissible to show a corporate defendant's knowledge of employee misconduct. *See McCleland v. Montgomery Ward & Co., Inc.*, 1995 WL 374185 (N.D. Ill. June 21, 1995). Similarly, many of the Plaintiffs have knowledge of, and may be able to testify to, the discrimination perpetrated against the other Plaintiffs, testimony which would simply be presented and repeated at each separate trial. Whether the testimony of witness-Plaintiffs is presented at one trial or repeated in many, any prejudicial affect to the Defendants (if any) will substantially exist under either scenario. Second, concerns of economy and convenience outweigh concerns of any potential prejudice to Defendants because the hostile work environment claims raised by the Plaintiffs are factually related enough so as to limit jury confusion.

In addition, Defendants argue that having one trial for the Plaintiffs' Section 1981 claims on top of the other federal and state claims of original Plaintiff Harris will result in "hopeless jury confusion." Again, Plaintiff believes that such confusion will be easily avoided by a proper jury instruction. However, to the extent that such confusion does in fact become a real concern, the Court can sever the non - Section 1981 claims of the original Plaintiff and consolidate his

- 11 -

Section 1981 claims with the other twelve proposed Plaintiffs – which Rule 21 explicitly allows the Court to add or drop a party, or sever any claim against another party. *See* FED. R. CIV. P. 21. *McDowell v. Morgan Stanley & Co., Inc.*, 645 F. Supp. 2d 690, 694 (2009). That way, any potential confusion and prejudice can be avoided while preserving judicial economy since that course will only generate two separate trials instead of thirteen different trials.

The concerns of economy and convenience clearly outweigh the relatively minor likelihood of prejudice to the Defendants in this case. The Defendants have failed to demonstrate prejudice sufficient to justify the time, expense, and judicial effort of thirteen different trials. Separate trials of the Plaintiffs' cases are not warranted under Rule 42(b).

### 3. Denying One Trial Under 42(b) Is Premature At This Early Stage

It should be noted that whether the claims of all plaintiffs should be tried together is an issue distinct from whether the claims may all be joined in a single complaint, one which need not be resolved until after discovery is completed. *See* Fed.R.Civ.P. 20(b), 42. *Berry v. Illinois Dep't of Human Servs.*, 2001 WL 111035 (N.D. Ill. Feb. 2, 2001). Thus, the Court usually declines to order separate trials, or to decide on the issue, early in the proceedings. *See Nelson*, 2008 WL 4211577 (the Court declined to sever claims under Rule 42(b) because at the early stage of the case, the interests of economy and convenience outweigh the concern of prejudice, and the "newness" of the case militates against severance). *See also Riley-Jackson v. Casino Queen, Inc.*, 2010 WL 4590969 (S.D.Ill. Nov. 5, 2010) (The Court found that it was premature to make any determination on severance under Rule 42(b) when the parties are involved in negotiations and numerous summary judgment motions were pending. The Court declined to make any decision on severance until the ultimate number of plaintiffs and claims that remain for trial is known).

The instant case is still in its early stages, as were the cases mentioned above. Accordingly, it is premature to sever the cases under Rule 42 (b) at this point, and the Plaintiffs' cases should not be severed under Rule 42 (b).

### III. CONCLUSION

Pursuant to FRCP Rule 20, the FedEx Plaintiffs' claims should be allowed to join into one suit before this Court. The concerns of prejudice and jury confusion are minimal, and at any rate are overwhelmingly outweighed by the Court's concerns of economy and convenience. Ultimately, the Court has before it a group of former FedEx employees, all minorities, who were steeped in the same hostile work environment, at the same corporate Defendant company, afflicted by the same discriminatory practices and policies, which were perpetrated by the same supervisors and managers, at the same physical location, around the same approximate timeframe, with common potential witnesses, common potential evidence, common questions of fact, and common questions of law.

" The impulse is toward entertaining the broadest possible scope of action

consistent with fairness to the parties; joinder of claims, parties and remedies is

strongly encouraged." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724.

**WHERFORE**, Plaintiffs Keith L. Harris, Rafael De La Vega, Anthony Lake, Tanya McLaurin, Steven Ayala, David Yang, Lavell Tyler, Robert Mack, Quintin Hammitte, Lorenzo Cadena, Duane Rucker, John Cook, and Omar Casarez respectfully request and that this Court join them as additional party Plaintiffs, and grant the Moving Parties' leave of Court to amend the Complaint to account therefore.

- 13 -

Respectfully submitted:

Plaintiffs Keith L. Harris, Rafael De La Vega, Anthony Lake, Tanya McLaurin, Steven Ayala, David Yang, Lavell Tyler, Robert Mack, Quintin Hammitte, Lorenzo Cadena, Duane Rucker, John Cook, and Omar Casarez;

By:  /s/ Kevin F. O'Connor           .
         One of their attorneys

Kevin F. O'Connor (ARDC #6300449)
O'Connor | O'Connor, P.C.
110 E. Schiller St., Ste 306
Elmhurst, IL 60126
Office: 630-903-6397
Direct: 630-456-1596
Fax.     630-658-0336
kevin@oconnor-oconnor.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2014, the foregoing document was served this day on all counsel of record identified on the below Service List, via transmission by electronic mail through the CM/ECF system for the Northern District of Illinois; all parties to this action being authorized to, and currently utilizing, the CM/ECF system for the Northern District of Illinois.

/s/ Kevin F. O'Connor        .


Kevin F. O'Connor (ARDC #6300449)
O'Connor | O'Connor, P.C.
110 E. Schiller St., Ste 306
Elmhurst, IL 60126
Office: 630-903-6397
Direct: 630-456-1596
Fax.     630-658-0336
kevin@oconnor-oconnor.com

## SERVICE LIST

Martin K. LaPointe:          mlapointe@lapointelaw.net, bmichalak@lapointelaw.net,
                             bsharpe@lapointelaw.net, jmiller@lapointelaw.net,

Susan Marie Troester:        stroester@lapointelaw.net, bmichalak@lapointelaw.net,
                             jmiller@lapointelaw.net